Matter of MLN N.Y. Inc. v Jinong Liu

2026 NY Slip Op 02456

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of MLN New York Inc., et al., Petitioners-Respondents,

v

Jinong Liu, Respondent-Appellant.

Decided and Entered: April 23, 2026

Index No. 651151/25|Appeal No. 6468|Case No. 2025-04132|

Before: Manzanet-Daniels, J.P., Kennedy, González, Pitt-Burke, Rosado, JJ.

Hogan & Cassell, LLP, Jericho (Michael Cassell of counsel), for appellant.

Milman Labuda Law Group PLLC, Lake Success (Michael C. MulÉ of counsel), for respondents.

[*1]

Judgment, Supreme Court, New York County (Lyle E. Frank, J.), entered June 25, 2025, in favor of petitioners, and bringing up for review an order, same court and Justice, entered on or about April 29, 2025, which granted the petition to confirm a final arbitration award and denied respondent's cross-petition to set aside the award, unanimously affirmed, with costs.

Respondent's argument for vacatur of the arbitration award as irrational is unavailing (see Matter of Goodwin Law Group P.C. v Zilong Wang, 226 AD3d 537, 538 [1st Dept 2024]). The award was predicated on the testimony of multiple witnesses who were employed at the time respondent was a 20% shareholder in petitioner corporation, the owner and operator of a restaurant. The testimony of the employee witnesses that respondent misreported employee hours, that he falsely blamed petitioner majority shareholder for the incomplete work hours reported, and that he tried to convince several employees to commence a lawsuit against the corporation to recover unpaid compensation provided he was paid a 20% kickback of any damage award resulting from such lawsuit, supports the arbitrator's finding that respondent was a faithless servant and that he breached his fiduciary duty to the corporation.

Respondent's further argument that the award should be vacated for its manifest disregard of the law is also unavailing (see Transparent Value, L.L.C. v Johnson, 93 AD3d 599, 601 [1st Dept 2012]). Respondent did not cite any controlling law on the issues raised when offered an opportunity by the arbitrator to do so. In any event, respondent's argument that the evidence failed to support a finding that petitioners had viable counterclaims for breach of fiduciary duty or under the faithless servant doctrine is unavailing. A claim under the faithless servant doctrine is viable even absent a showing of damages to the corporation (see Feiger v Iral Jewelry, 41 NY2d 928, 928-929 [1977]; Yukos Capital S.A.R.L. v Feldman, 977 F3d 216, 242 [2d Cir 2020]), and damages awarded on a faithless servant claim (i.e., recoupment of salary) can satisfy the damage element of a breach of fiduciary duty claim (see Beach v Touradji Capital Mgt., LP, 144 AD3d 557, 563 [1st Dept 2016]; Yukos, 977 F3d at 242). Further, there was evidence in the record that the corporation was damaged to the extent it had to settle its employees' wage compensation complaints following respondent's intentional underpayment of employees for their hours, and that such actions and other disloyal acts by respondent had caused discontent among the corporation's employees.

We have considered respondent's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026